UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SHAFFER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VANDERBILT COMMERCIAL LENDING, INC., et al.,<br><br>Defendants. | No. 2:15-cv-2167 KJM DB<br><br><br>ORDER |

On August 4, 2017, plaintiffs filed a motion seeking sanctions against defendant Gregory Cook. (ECF No. 52.) On August 7, 2017, plaintiffs noticed the motion for hearing before the undersigned on August 25, 2017, pursuant to Local Rule 302(c)(1). (ECF No. 54.) Therein, plaintiffs assert that defendant Cook failed to appear at his July 6, 2017 deposition.[1]

However, as plaintiffs' motion acknowledges, fact based discovery in this action has closed. (Pls.' Mot. Sanct. (ECF No. 52-1) at 2.) In this regard, fact based discovery was to be completed by July 21, 2017. (ECF No. 47 at 1.)

> In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by

---
[1] It is unclear to the undersigned why plaintiffs waited four weeks to file their motion for sanctions.

1

appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.

(ECF No. 30 at 2.) The undersigned "cannot change the schedule set in this order, even in connection with a discovery matter."[2] (Id.)

Accordingly, IT IS HEREBY ORDERED that:

1. The August 25, 2017 hearing of plaintiffs' motion for sanctions is vacated; and

2. Plaintiffs' August 4, 2017 motion for sanctions (ECF No. 52) is denied without prejudice to renewal.[3]

Dated: August 21, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\shaffer2167.ut.disc.ord

---

[2] Even in those instances in which the undersigned is allowed to modify the discovery deadline, the undersigned can only do so if the modification does not alter the other deadlines in the action. Here, dispositive motions must be heard by September 22, 2017, and, therefore, must be noticed for hearing 28 days prior pursuant to Local Rule 230. (ECF No. 30 at 4.) In this regard, an extension of the discovery deadline in this action would require a continuation of the dispositive motion deadline, a change the undersigned cannot make. Moreover, plaintiffs arguably are not seeking a modification of the discovery deadline but a re-opening of a discovery period that has already closed.

[3] In this regard, plaintiffs may re-notice their motion for hearing before the undersigned in the event that discovery in this action is re-opened.