1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARY SHAFFER, et al.,                         No.  2:15-cv-2167 KJM DB

12                  Plaintiffs,

13           v.                                     ORDER

14   VANDERBILT COMMERCIAL
     LENDING, INC., et al.,
15

16                  Defendants.
     _____
17   VANDERBILT COMMERCIAL
     LENDING, INC., et al.,
18

19                  Counterclaim-Plaintiffs,

20           v.

21   WAKE FOREST ACQUISITIONS, L.P.,

22                  Countercl.-Defendants.

23

24          On November 16, 2017, plaintiffs filed a motion for default judgment and noticed the

25   motion for hearing before the undersigned on December 22, 2017.  (ECF No. 66.)  Plaintiffs'

26   motion seeks entry of default judgment against defendant Vanderbilt Commercial Lending, Inc.

27   (Id. at 2.)  Plaintiffs' motion, however, does not seek default judgment against defendant Gregory

28

                                                  1

1  Cook.

2      Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

3
4              ... when multiple parties are involved, the court may direct entry of
               a final judgment as to one or more, but fewer than all, claims or
               parties only if the court expressly determines that there is no just
5              reason for delay.

6  See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court

7  has discretion to enter a default judgment as to less than all defendants); Shanghai Automation

8  Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments

9  against defendant Tsai and the defaulting defendants would not necessarily be illogical").

10      However, the Supreme Court warned that "absurdity might follow" in instances where a

11  court "can lawfully make a final decree against one defendant . . . while the cause was proceeding

12  undetermined against the others." Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth

13  Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that

14  defendants are jointly liable and one of them defaults, judgment should not be entered against the

15  defaulting defendant until the matter has been adjudicated with regard to all defendants." In re

16  First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554); see also

17  Employee Painters' Trust v. Cascade Coatings, No. C12-0101 JLR, 2014 WL 526776, at *3

18  (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs'

19  motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and

20  the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade

21  Partnership. Supreme Court and Ninth Circuit precedent prohibit default judgment where a

22  default judgment against one defendant could be inconsistent with a judgment on the merits in

23  favor of other defendants"); Helton v. Factor 5, Inc., Case No: C 10-4927 SBA, 2013 WL

24  5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of

25  inconsistent judgments. Plaintiffs have alleged that Defendants all are jointly and severally liable

26  for the 11 claims alleged in the First Amended Class Action Complaint.").

27      Moreover, on August 16, 2017, plaintiffs filed a motion for leave to file an amended

28  complaint. (ECF No. 57.) That motion is under submission before the assigned District Judge.

                                             2

(ECF No. 61.)  If plaintiffs' motion for leave to amend is granted, the amended complaint would supersede the original complaint filed in this action.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, IT IS HEREBY ORDERED that:

1.  The December 22, 2017 hearing of plaintiffs' motion for default judgment (ECF No. 66) is continued to **Friday, February 2, 2018,** at **10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned; and

2.  On or before January 19, 2018, plaintiffs shall file a supplemental memorandum addressing the status of defendant Gregory Cook and plaintiffs' motion for leave to amend.

DATED:  December 21, 2017

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\shaffer2167.hrg.cont.ord

3