UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAKE FOREST ACQUISITIONS, L.P.; SHAFFER ASSET MANAGEMENTCORPORATION; ROBERT P.SHAFFER, individually and as Co-Trustee of the Robert P. Shaffer Revocable Trust; and MARY SHAFFER, as Co-Trustee of the Robert P. Shaffer Revocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>VANDERBILT COMMERCIAL LENDING, INC.; and GREGORY COOK,<br><br>Defendants. | No. 2:15-cv-02167 KJM DB<br><br>ORDER |
| VANDERBILT COMMERCIAL LENDING, INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WAKE FOREST ACQUISITIONS, L.P.,<br><br>Counterclaim-Defendant. | |

Plaintiffs move to reopen discovery solely to renew and resolve a previously filed motion for sanctions against defendant Gregory Cook for failure to appear at his properly noticed deposition. Mot. at 2, ECF No. 59-1; *see* ECF No. 52 (motion for sanctions).

1

No other party has filed an opposition or response to plaintiffs' motion to reopen discovery for this purpose, and the deadline to file an opposition has passed. *See* ECF No. 59; L.R. 230(c). The court submitted the matter without oral argument. ECF No. 63.

For the reasons provided below, the court GRANTS plaintiffs' motion to reopen discovery for the limited purpose of renewing their motion for sanctions, ECF No. 52.

I.  BACKGROUND

   A.  Dispute

Plaintiffs have sued defendants Gregory Cook and Vanderbilt Commercial Lending (VCL) for VCL's alleged failure to extend a $14,060,000 loan for development of a 272-bed student housing community. *See* First Am. Compl. (FAC) ¶¶ 23, 61, 117-18, 158, ECF No. 69. According to plaintiffs, VCL, by and through Cook, fraudulently represented itself as a lender and committed to extending the loan to plaintiff Wake Forest Acquisitions, LP. *Id.* ¶¶ 45, 59, 71, 78-80, 110, 170, 172. Plaintiffs have alleged injury stemming from VCL's failure to honor its obligation to fund the loan. *Id.* ¶¶ 175–90. Plaintiffs' claims include breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, breach of fiduciary duty, rescission, violation of California's Unfair Competition Law, third party beneficiary breach of contract, and fraud-intentional misrepresentation. *Id.* ¶¶ 191–361.

   B.  Plaintiffs' Attempts to Depose Cook

Plaintiffs have sought multiple times to depose Gregory Cook, VCL's President, as both a percipient witness and a witness designated by VCL as its "person most knowledgeable," or "PMK," subject to Federal Rule of Civil Procedure 30(b)(6). *See generally* Bellafronto Decl., ECF No. 52-2. Cook was one of only two witnesses plaintiffs sought to depose. *Id.* ¶ 2. Plaintiffs' counsel attempted to meet and confer with defendants' counsel about deposing Cook, but defendants' counsel informed plaintiffs through email that Cook was "experiencing severe medical issues" and was "not fit for a deposition at this time" without knowing for "sure when he [would] be" fit. ECF No. 52-3 at 2, Ex. A. A few weeks later, plaintiffs' counsel contacted defendants' counsel again to request "documentary evidence" of Cook's "medical circumstances and condition." Bellafronto Decl. ¶ 5; *see* ECF No. 52-3, Ex. B.

2

Nearly a month after their initial email exchange, defendants' counsel communicated that Cook "is collecting medical information, but even that is hard for him." ECF No. 52-3 at 6, Ex. C. Defendants' counsel acknowledged that "we must move forward, since I will not be able to provide you with comprehensive medical records in short order." *Id.* Counsel confirmed Cook was "the PMK [person most qualified] of VCL," and that she had asked Cook to appear for his deposition scheduled March 6, 2017. *Id.*; *see* Bellafronto Decl. ¶ 6.

Over the course of approximately four months, the parties stipulated several times to continue fact and expert discovery deadlines based on Cook's stated health problems. Bellafronto Decl. ¶¶ 8, 10-11, Exs. D-F; *see also* ECF Nos. 36, 43-47. The parties continued to meet and confer to schedule Cook's deposition, and plaintiffs asked Cook's counsel to present some form of medical evidence about Cook's inability to appear for deposition. Bellafronto Decl. ¶¶ 5-6, 9, 12-14; ECF No. 52-3, Exs. G, H, I. According to plaintiffs, "No such documentation was ever presented." Mot. at 4; Bellafronto Decl. ¶ 26.

As requested by the parties, the court amended the scheduling order for the case, extending the fact discovery cut-off date to July 21, 2017. ECF No. 47. The parties agreed on Cook's deposition as set for July 6, 2017, to take place in Corning, California where Cook resided. ECF No. 52-3 at 29, 31, Exs. K-L; Bellafronto Decl. ¶¶ 9, 16-17. Defendants' counsel communicated with plaintiffs' counsel at least twice through email, confirming Cook was confirmed for the July 6 date. ECF No. 52-3 at 29, 31, Exs. K-L.

Plaintiffs' counsel then drove the three hours to Corning, California for Cook's deposition, scheduled to begin on July 6 at 10:00 a.m. Bellafronto Decl. ¶ 18. "After waiting for approximately 30 minutes," Cook's counsel informed plaintiffs' counsel that Cook "had an 'unexplained emergency' and could not appear for his deposition for another hour but that he would appear." *Id.* At 11:25 a.m., Cook still had not arrived. ECF No. 52-3 at 37, Ex. M. Defendants' counsel stated he thought Cook had identified "between 12:15 and 12:30," as his arrival time. *Id.* Cook had not arrived by 12:30 p.m., and plaintiffs' counsel then left at 12:31 p.m. *Id.* at 38; Bellafronto Decl. ¶ 18. Later that day, Cook, who was no longer represented by an attorney, ECF No. 49, contacted plaintiffs' counsel through email, stating he had "received a

3

most urgent and very high priority call" that he was not expecting and "was kept on this call for several hours." ECF No. 52-3 at 43, Ex. N. Cook suggested still "try[ing] to do one of [the depositions] today" or arranging for "a continuance." *Id*. at 44.

Plaintiffs' counsel then sent multiple emails and called Cook on his cell phone number attempting to arrange a new date and time for Cook's deposition to occur before the fact discovery cut-off date. Bellafronto Decl. ¶¶ 20-22; ECF No. 52-3 at 43, 46, Exs. N-O. After three emails, a phone call and a voicemail message, Cook responded by email stating he was "not trying to ignore" plaintiffs' counsel. ECF No. 52-3 at 47, Ex. O. Despite plaintiffs' counsel requesting from Cook a date and time for his deposition, Cook did not offer any date or time. *Id*. Instead, Cook asked where the parties would meet. *Id*. Cook described "still experiencing the light headedness, shortness of breath, [being] unbalanced at times." *Id*. Cook wrote that he "could momentarily pass out for a few minutes" while drafting an email "without even realizing it," then "abruptly come to" and his "mouse [would] go flying across the room." *Id*. Cook stated "[t]his is all very difficult for me to stay focused long enough to finish this," then wrote he would give plaintiffs' counsel "a call this afternoon." *Id*. In response, plaintiffs' counsel offered to take the deposition at Cook's house if that was "easiest for [Cook], or in Sacramento." *Id*. Plaintiffs' counsel asked Cook to provide her "with a date and location to avoid a motion [to compel]." *Id*.

Four days after the close of fact discovery, Cook e-mailed plaintiffs' counsel to discuss deposition scheduling, without mentioning his health condition. Bellafronto Decl. ¶ 25. Plaintiffs' counsel then called Cook but got no answer and received no reply by phone or email. *Id*. Cook never provided plaintiffs' counsel with dates for taking the deposition originally scheduled for July 6, nor did he provide "any doctor's notes, medical records or other evidence of the illness which ha[d] purportedly prevented him from testifying since January [2017]." *Id*. ¶ 26.

C. Motion for Sanctions

Plaintiffs filed a motion for sanctions with the magistrate judge, requesting sanctions precluding Cook "from using his own testimony in support of any defenses in this case" and monetary sanctions of $9,825 for attorney's fees incurred in preparing for Cook's deposition and preparing the motion for sanctions. ECF No. 52-1 at 5-6; Bellafronto Decl. ¶¶ 29-34.

4

Plaintiffs asserted they had "not had the opportunity to examine Mr. Cook about their key documents, or to question Mr. Cook about the reasons behind VCL's failure and refusal to close the construction loan at issue in this litigation." ECF No. 52-1 at 6. Additionally, plaintiffs' expert "has been forced to prepare his report without the benefit of Mr. Cook's deposition," and Cook is arguably "the most key witness in these proceedings." *Id*. The magistrate judge denied plaintiffs' motion "without prejudice to renewal," noting in her order that "plaintiffs may re-notice their motion for hearing before the undersigned in the event that discovery in this action is re-opened." ECF No. 58 at 2 & n.3.

Plaintiffs then filed the instant motion to reopen discovery, solely for the purpose of renewing their motion for sanctions. Mot. at 2, 8; *see* ECF No. 52.

## II. LEGAL STANDARD

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06-CV-001196 JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery).

The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end and the request should be denied. *Id*. The decision to reopen discovery involves an exercise of discretion. *Schumer*, 520 U.S. 939, 952 (1997); *see also Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) ("Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion.").

/////

/////

Courts have used a three-step inquiry in assessing diligence for the purposes of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Grant v. United States*, No. 2:11-CV-00360 LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, No. CIV-S-11-0360-LKK, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

Specific factors courts consider when determining a motion to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Schumer*, 63 F.3d at 1526 (citing *Smith*, 834 F.2d at 169).

"Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source." *Fed. Deposit Ins. Corp. As Receiver for Butte Cmty. Bank v. Ching*, No. 2:13-CV-01710-KJM-EFB, 2016 WL 1756913, at *2 (E.D. Cal. May 3, 2016) (citing *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008)).

III. DISCUSSION

    A. Plaintiffs' Diligence

Plaintiffs have shown good cause to reopen discovery solely to re-notice their motion for sanctions. The primary factor in assessing good cause, diligence, weighs heavily in plaintiffs' favor. Here, plaintiffs were extremely diligent in their attempts to depose Cook.

Plaintiffs communicated repeatedly with defendants' counsel to arrange for the deposition. Plaintiffs were flexible on both time and location for the deposition, agreeing multiple times to continue fact discovery and expert discovery deadlines based on Cook's stated health issues. *See* ECF Nos. 36, 43-47. These actions reflect precisely the sort of diligence expected of counsel "in assisting the [c]ourt in creating a workable Rule 16 order." *Grant*, 2011 WL 5554878, at *4.

Plaintiffs also could not have "reasonably foreseen or anticipated" Cook's numerous delays, failure to appear for his deposition, and continued failure to commit to a new deposition time and location. *Id.* Plaintiffs confirmed an agreed-upon deposition date and time with defendants' counsel, at a location tailored to the convenience of Cook. ECF No. 52-3 at 29, 31, Exs. K-L; Bellafronto Decl. ¶¶ 9, 16-17. Plaintiffs' counsel waited for two-and-a-half hours at the deposition location after the planned start time based on multiple assurances that Cook would eventually arrive. Bellafronto Decl. ¶ 18; ECF No. 52-3 at 37-38, Ex. M. After Cook failed to show, plaintiffs' counsel communicated by email and phone several times with Cook himself to arrange a deposition at a new time and place, again of Cook's choosing. Bellafronto Decl. ¶¶ 20-22; ECF No. 52-3 at 43, 46, Exs. N-O. At no point does the record disclose a reason plaintiffs should have anticipated such a degree of delay and lack of communication. *See* Bellafronto Decl. ¶ 26.

Plaintiffs were diligent "in seeking amendment of the Rule 16 order," *Grant*, 2011 WL 5554878, at *4. On February 27, 2017, plaintiffs filed a stipulation to extend the close of fact discovery from March 10 to June 29, 2017 based on Cook's "health problems" affecting "the parties' ability to schedule depositions." ECF No. 36. On May 9, plaintiffs filed a stipulation to extend expert discovery deadlines from June 9 to August 31 to conform to the previous extension of the close of fact discovery. ECF No. 43. On May 26, the parties filed a stipulation to extend the close of fact discovery to July 21 and expert witness disclosure deadline to August 1. ECF No. 46. Plaintiffs consistently filed these stipulations before upcoming deadlines, and the court issued an amendment to the scheduling order based on good cause. ECF No. 47.

Plaintiffs also promptly filed their motion for sanctions, within two weeks of the close of fact discovery. ECF No. 52. And plaintiffs promptly filed the instant motion to reopen

7

discovery within eight days of the magistrate judge's order denying the motion for sanctions without prejudice. ECF Nos. 58-59. Plaintiffs have been nothing but diligent in this matter. *Compare, e.g.*, *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1192-95 & n.5 (C.D. Cal. 2009), *aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011) (granting leave to amend scheduling order and file amended answer after deadlines to file amended pleadings and to file motions had passed and defendants had moved to amend their answer one month after court ruling made it more likely new defense would succeed), *with Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (finding plaintiffs failed to show diligence in moving for leave to add cause of action one year after amendment deadline and failing to specify what new and previously unavailable information they obtained to justify amendment).

B. <u>Other Good Cause Factors</u>

Other good cause factors weigh heavily in finding good cause or do not apply here. The first two *Schumer* factors weigh in favor of a good cause finding: trial is not imminent, and this motion to reopen discovery is not opposed. *See* ECF No. 47 at 2 (vacating dates for trial); ECF Nos. 59, 63 (submitting motion to reopen discovery without oral argument after deadlines for defendants' opposition or response had passed under Local Rule 230(c)). The third factor, prejudice to the non-moving party, does not weigh against finding good cause when the prejudice is of the non-moving party's own making. *See Fed. Deposit Ins. Corp.*, 2016 WL 1756913, at *2. The final two *Schumer* factors, "the foreseeability of the need of additional discovery" and "the likelihood that the discovery will lead to relevant evidence," do not apply here, as plaintiffs seek only to reopen discovery to renew their motion seeking evidentiary preclusion and monetary sanctions. *Schumer*, 63 F.3d at 1526; Mot. at 8 (requesting court reopen discovery "for the limited purpose of allowing [p]laintiffs to renew, re-notice, and resolve their Rule 37 sanctions motion").

The court finds good cause to reopen discovery for the limited purpose of allowing plaintiffs to re-notice and renew their motion for sanctions before the magistrate judge in the first instance.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS plaintiffs' motion to reopen discovery solely to renew their motion for sanctions. This resolves ECF No. 59.

IT IS SO ORDERED.

DATED: March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE